# HILLSBOROUGH,

## JULY TERM, A. D. 1846.

### SAWYER *v.* BAKER.

A defendant is not estopped, in a plea of tender to the plaintiff's attorney before the entry of the action, to aver that the sum tendered was the amount of the debt claimed, and costs, because the declaration contains two counts, of which one is for money had and received to a larger amount than the sum tendered.

ASSUMPSIT. The facts sufficiently appear from the opinion of the court.

*Foster*, for the plaintiff.

*West* and *Morrison*, for the defendant.

GILCHRIST, J. The defendant has pleaded in bar of the action a tender made to the plaintiff's attorney, of twenty-four dollars and sixty cents, averring that such was the amount of the debt claimed in the action, with the costs.

To this the plaintiff has replied that the declaration contains one count upon a note for $21.82, and another for $50, money had and received, all which appearing upon the record, and being admitted by the plea, he says, estops the defendant to aver that the sum of twenty-four dollars and sixty cents was the amount of the debt claimed in said action.

The defendant has then rejoined that the several counts mentioned were for the same cause of action, and that the amount tendered was all that was due for debt and costs on the same ; and, therefore, the record does not estop him, to which the plaintiff demurs generally.

Sawyer *v.* Baker.

The rejoinder of the defendant is not a sufficient one. Why should not a record with two counts for the same cause of action work an estoppel as well as any other? The premises stated may be true, but the conclusion is not a logical one, and the rejoinder is therefore bad. The new matter set up does not avoid the replication.

Does, however, the replication itself contain any thing requiring new matter to avoid it? Or is it an answer to the plea? If not, the defendant is entitled to judgment upon the demurrer, notwithstanding his rejoinder is faulty.

The Revised Statutes, ch. 187, sec. 1, provide that, " at at any time before the sitting of the court to which any writ may be returnable, the defendant may tender to the plaintiff's attorney, who brought the action, the amount of the debt and costs, and such tender shall be a bar to any further proceedings in such case."

Now whether by the words used in the statute, " the amount of debt and costs," be intended the sum actually due, or the sum demanded, and the sum which the plaintiff assumes to be due, is not material, for there is nothing in the record that shows that any thing more than the sum tendered is either due or demanded. The declaration admitted by the plea is inconclusive on both these heads, for the rules of pleading do not require the plaintiff to restrict himself in such a manner. In counting upon a special contract, he need not mention the partial payments he may have received; and, in the money counts, may state such sums as he may be advised, without strict regard to the sums actually claimed, as had and received, paid and expended, or as due for services upon a *quantum meruit*, or the like.

The record, therefore, is no estoppel against the averment that the sum tendered was all that was due, and the plea admitted by the demurrer is sufficient in law.

There must, therefore, be

*Judgment for the defendant upon the demurrer.*